L. M. RUMSEY et al., Respondents, v. THE PEOPLES ·RAILWAY COMPANY et al., Defendants; WM. B. KINEALY, Trustee, Appellant.

**St. Louis Court of Appeals, December 17, 1901.**

1. **Mortgage: EARNINGS AND RENTS NOT INCLUDED IN MORTGAGE: POSSESSION OF MORTGAGOR.** Where a mortgage does· not embrace the earnings and rents of a railway company, the mortgagee is not entitled to this fund under foreclosure proceedings, since it was earned while the mortgaged property remained in the possession of the mortgagor.

2. ———: ———: ———: **POWER OF COURT.** And in the case at bar, it was not, therefore, within the power of the court, if the proceedings had been confined to a simple foreclosure of the mortgage deed of trust, to have laid its hands on this cash and taken it into custody.

3. ———: ———: ———: **PETITION: PLEADING: INSOLVENCY OF RAILWAY COMPANY: RECEIVER.** But the petition in the foreclosure suit alleges the insolvency of the railway company and a large floating indebtedness, and the plaintiff moved the court to appoint a receiver to take charge of the company's assets and to operate the road pending the proceedings.

4. ———: ———: ———. And in this state of the pleadings, in the case at bar, it was competent and proper for the court to appoint the receiver and through him to reach out and take into his custody, not only the mortgaged property, but the unmortgaged assets of the company, and administer the whole estate under the rules of equity established in like cases.

Appeal from St. Louis City Circuit Court.—*Hon. Horatio D. Wood,* Judge.

Affirmed.

*James R. Kinealy* for Wm. B. Kinealy.

The court has no authority to sequestrate the money found in the treasury of the Peoples Railway Company prior to and at the date of the appointment of the receiver for any purpose whatever, inasmuch as it was not covered by the deed of trust foreclosed, or by any lien. In re Life Assn. of America, 96 Mo. 632; Fontaine v. Schulenberg & B. L. Co., 109 Mo. 64; White v. Wear, 4 Mo. App. 341; Armour Packing Co. v. Wolf, 59 Mo. App. 665; Freedmen's Savings & Trust Co. v. Shepard et al., 127 U. S. 494; Gillman v. Tel. Co., 91 U. S. 603-616; Railroad v. Cowdrey, 78 U. S. 459; American Br. Co. v. Heidebach, 94 U. S. 794-800.

*Boyle, Priest & Lehmann* and *Geo. W. Easley* for respondent.

(1) The assignment to appellant was void, because the railway company being insolvent, the fund in question was a trust fund for all creditors, and could not be appropriated by the company to a portion of the creditors to the exclusion of others. Wait's Insolvent Corporations, p. 119, sec. 142; p. 139, sec. 162; Smith Purifier Co. v. McGroarty, 136 U. S. 241. The policy of our statute is to prevent preferences in assignments for the benefit of creditors. 1 R. S. 1899, sec.

322.    Under a statute substantially like the Missouri statute a preference by an insolvent corporation was held invalid. Rouse v. Bank, 46 Ohio St. 493; 15 Am. St. 644. (2) Even under the peculiar rule in Missouri that an insolvent corporation may prefer one creditor over others, still where the property conveyed is substantially all of its available assets and compels it to suspend business, and the creditor preferred had notice of the affairs of the company, he "should not be allowed to profit by a transaction or scheme so transparent at the expense of other creditors of the insolvent company, but on the contrary should be held to share pro rata with all the other creditors." Larrabee v. Bank, 114 Mo. l. c. 605.

BLAND, P. J.—On the sixth day of March, 1897, plaintiff Rumsey commenced a suit in the circuit court of the city of St. Louis for himself and all other holders of third-mortgage bonds to foreclose a third-mortgage deed of trust executed by the Peoples Railway Company to C. C. Maffitt as trustee to secure bonds of said railway company described in said mortgage deed of trust. Summons were duly served on the company and Maffitt. The German American Bank and others filed an intervening petition. The railway company and Maffitt filed answers. At the April term, 1897, the circuit court entered a decree of foreclosure on the pleadings. At the April term, 1898, of the Supreme Court this decree of foreclosure was, on writ of error, reversed and the cause remanded for new trial (Rumsey v. Peoples Railway Company, 144 Mo. 175).

A new trial was held resulting in a judgment of foreclosure and order of sale of the railway and franchises of the company covered by the mortgage. This judgment was, on appeal, affirmed by the Supreme Court (Rumsey v. Peoples Ry. Co., 154 Mo. 215). When the petition for foreclosure was filed, the circuit court, on motion of the plaintiff, without notice to the defendant, appointed a receiver (Charles Green,

a director of the defendant company), and ordered him to take charge of all the property of the company of every nature and kind wherever situated and to operate the railway as receiver. Green, the receiver, in pursuance of the order, took possession of and filed his inventory of all the assets of the company and operated the road under the orders of the court. Among the assets that Green took possession of and inventoried was a cash item of thirty-one hundred and forty-one and eighteen one-hundredths dollars. From the evidence it reasonably appears that this cash came into the treasury of the company from the earnings of the road and rentals and it is conceded that it is not covered by the third-mortgage deed of trust and that plaintiffs have no lien whatever upon it. The road and its franchises were sold under the decree of foreclosure for five hundred thousand dollars. Twenty-five thousand dollars of the purchase money was paid into the court at the time of the purchase, and thereafter, to-wit, on July 10, 1899, an additional sum of one hundred and twenty-five thousand dollars purchase money was paid in, and there is at this time over one hundred thousand dollars of this fund and the balance of the purchase money at the disposal of the court.

Green continued to operate the road until October, 1898, when he was succeeded by T. B. Brownell by order of the court. At this time it was found that the road had made net earnings while in the hands of Green of ninety-four hundred and forty-six and fifty-six one-hundredths dollars, which he was ordered to pay over to his successor, Brownell. On March, 1899, Brownell reported a balance of eighty hundred and forty-nine and twenty one-hundredths dollars cash on hand. The decree found, that at the time it was entered, the defendant company owed twenty-four thousand four hundred and forty-two and seventy-two one-hundredths dollars taxes; that it owed over six hundred thousand dollars, exclusive of interest, over and above the amounts due on the first

and second mortgages and the court allowed as preferential claims the following, to-wit: to John A. Roebling Sons Company, $32,518.87;. Broderick & Bascom Rope Company, $19,014.08; City of St. Louis for car licenses, $17,500.00. These preferential claims the court ordered to be paid out of the net earnings of the road while in the hands of the receiver, and if they were found insufficient, then out of the corpus of the property.

On March 27, 1899, appellant filed his petition, alleging that on the sixth of March, 1897, there was in the treasury of the railway company, cash amounting to thirty-one hundred and forty-one and eighteen one-hundredths dollars, derived from earnings and rentals and that said sum was not subjected to the mortgage foreclosed, and setting up an assignment of the sum to himself and praying the court to order the whole sum paid over to him.    In support of his petition, in addition to the foregoing facts, appellant offered the following resolution of the board of directors of the defendant company, to-wit:

"Office of the Charles Green Real Estate Co.,
St. Louis, Mo., December 6, 1898.

"At a special meeting of the board of directors of the Peoples Railway Company, duly convened, held this day, there were present Messrs. John Mahoney, Charles J. Maguire, Robert J. MacDonald, Frank X. Green and Charles Green, constituting a quorum of said board.    Absent: Messrs. John Mullaly and A. B. Ewing.    On motion the minutes of the last meeting were read and approved.

"On motion of Mr. R. J. MacDonald, seconded by Mr. Charles J. Maguire, the board adopted the following resolution, viz.:

" 'Whereas, on March 6, 1897, there was in the treasury of the Peoples Railway Company $3,141.18, private property, not covered by any mortgage previously issued by the com-

pany, which was, under an erroneous order of the court, taken into possession of the receiver appointed that day, in the suit of L. M. Rumsey against this company; and,

" 'Whereas, since that time this company has employed attorneys to attend to its legal business, both in the circuit court and in the Supreme Court, and has become indebted to said attorneys for professional services rendered; and,

" 'Whereas, Mr. Charles Green has advanced to Mr. Thomas J. Rowe, Judge R. E. Rombauer and Judge Chester, H. Krum, three of said attorneys so employed, at various times, for their said services, sums of money amounting in the aggregate to over $1,000, and has become responsible to them for such services rendered to this company more than $400 in addition; and,

" 'Whereas, there is now due to Michael Kinealy, another of said attorneys, for legal services rendered to this company since the date herein first mentioned, a large sum of money, and the said Kinealy, said Judge Krum and said T. J. Rowe are still engaged in attending to the interests of this company in said suit, and have requested payment on account of their said services; be it, therefore,

" 'Resolved, that said sum of money belonging to the Peoples Railway Company, taken into possession of said receiver aforesaid, be, and the same is, hereby transferred and assigned to William B. Kinealy as trustee, to be paid by him as follows: To pay to Charles Green, Esq., the sum of $1,-400 on account of the sums so paid by him, and for which he has become responsible to said Judge Rombauer, Judge Krum and T. J. Rowe, and to pay to said Michael Kinealy, or his assigns, the sum of $1,741.18 on account of his said services; and the president and secretary of this company are directed to forthwith execute a valid transfer of said sum of money, and of the claim of this company therefor, to the said trustee.'

"There being no further business, on motion, the board adjourned."

A deed of assignment, properly executed was made in pursuance of the foregoing resolution and for the purposes stated in the resolution.

The thirty-one hundred and forty-one and eighteen one-hundredths dollars was not covered by the deed of trust that it was sought to foreclose, nor did any of the parties in whose favor preferential claims were allowed have any lien thereon. For these reasons the appellant contends that the court in the foreclosure proceeding had no authority to sequestrate this particular fund. As the mortgage did not embrace the earnings and rents the mortgagee was not entitled to this fund, since it was earned while the mortgaged property remained in the possession of the mortgagor. In re Life Ass'n of America, 96 Mo. 632; Fountaine v. The Schulenburg & Boeckler Lumber Co., 109 Mo. 55; Armour Packing Co. v. Wolff & Co., 59 Mo. App. 665; White v. Wear, 4 Mo. App. 341. It was not, therefore, within the power of the court, if the proceedings had been confined to a simple foreclosure of the mortgage deed of trust, to have laid its hands on this cash and taken it into custody, but the petition in the foreclosure suit alleges the insolvency of the railway company and a large floating indebtedness, and the plaintiff moved the court to appoint a receiver to take charge of the company's assets and to operate the road pending the proceedings.

In this state of the pleadings it was competent and proper for the court to appoint the receiver and through him to reach out and take into its custody, not only the mortgaged property, but the unmortgaged assets of the company, and to administer the whole estate under the equitable rules that have been latterly established by the courts in like cases. The cash found in the treasury of the company was an asset of the company and it was the duty of the receiver to take possession

of it and inventory it with the other assets, as he did do. When this was done the money was in custody of the court and subject to its orders and decrees. And from the evidence, the presumption naturally arises, that the fund had been disbursed by the trustee in payment of debts of the corporation prior to the date of the deed of assignment to Kincaly. Conceding, then, for the argument, that it was competent for the board of directors to assign the fund when it was in the custody of the law, there was in fact, no fund to be assigned at the time the assignment was attempted, nothing in *esse* to be assigned or transferred and the deed of assignment must fail for want of a *res* to be transferred. The railway company had a right to resist the proceedings of foreclosure and for this purpose to employ counsel, which it did do. Having been deprived of all means of paying such counsel by the court taking possession of all its moneys and other assets, it is not out of place, to remark that the circuit court would be justified in allowing to the company's counsel reasonable attorneys fees as a part of the expenses of the suit.

The judgment is affirmed. All concur.