## ST. JOSEPH, ST. LOUIS AND SANTA FE RAILWAY COMPANY, Appellant, v. SMITH et al.

### Division One, November 26, 1902.

1. **Mortgage:** AFTER-ACQUIRED PROPERTY: DESCRIPTION. If the description in the prior deed is comprehensive enough to embrace after-acquired real estate, the title to property acquired between the making of the mortgage and its foreclosure is passed to the purchaser at the trustee's sale. And in this case it is held that the description was sufficiently comprehensive.

2. **Limitations:** RAILROAD RIGHT OF WAY: STOCK YARDS. The statute of limitations does not apply to lands belonging to a railroad company if they are property appurtenant to the operation of the railroad. And in this case it is held that land on which is a depot for the loading and unloading of stock is property appurtenant to such operation, and, hence, ten years' adverse possession thereof does not give the private occupant title.

3. ————: ————: ACTUAL USE. In order for land owned by a railroad and designated by it as a part of its right of way or as appurtenant thereto, to be appropriated to public use so as to entitle the railroad company to claim it as against one who enters upon it and erects public improvements thereon, it is not necessary for the company to actually use it as a right of way or depot grounds, or

stockyards, etc., for if it falls within the designation the company is not required to actually occupy it until it becomes necessary or desirable for it to do so.

Appeal from Clinton Circuit Court.—*Hon. Wm. S. Herndon,* Judge.

REVERSED AND REMANDED.

*Lathrop, Morrow, Fox & Moore* for appellant.

(1) The court erred in holding that the defendant had acquired title as against the railway company by adverse possession. R. S. 1899, sec. 4270; Railroad v. Totman, 149 Mo. 657; Slocumb v. Railroad, 57 Ia. 675; Railroad v. French, 43 S. W. 771; Fox v. Hart, 11 Ohio 414; Smyles v. Hastings, 22 N. Y. 217. (2) The deeds introduced in evidence show record title in plaintiff. Railroad v. Railroad, 108 Mo. 298; Central Trust Co. v. Kneeland, 138 U. S. 414; Dunham v. Railroad, 1 Wall. 254; Pennock v. Coe, 23 How. 117; Shoe Co. v. Wilson, 63 Mo. App. 326; Rutherford v. Stewart, 79 Mo. 216; Frank v. Playter, 73 Mo. 672; Rubey v. Coal & Mining Co., 21 Mo. App. 159; Petring v. Chrisler, 90 Mo. 649; Wright v. Bircher, 72 Mo. 179; Page & Bacon v. Gardner, 20 Mo. 507; France v. Thomas, 86 Mo. 80; Wade v. Railroad, 149 U. S. 327.

*E. C. Hall* for respondents.

MARSHALL, J.—This is an action in ejectment for a certain parcel of land in the town of Gower, in Clinton county, Missouri, described in the petition as follows: "Beginning 30 feet north of the northwest corner of lot 12, in block 14, in the town of Gower, in said county and State; thence north 71 feet to an old fence; thence eastwardly along said fence 185 feet to stockyards fence, thence south 91 feet to a point 30 feet north of block 14 in said town of Gower; thence west 178 feet to place of beginning." The suit was begun on April 2, 1898. The petition is in the usual

form, and the answer is a general denial. The circuit court directed a verdict for the defendant, and the plaintiff appealed. Pending the appeal the defendant died, and the cause has been properly revived in this court against his heirs, John R. Smith, Elias T. Smith, Sarah E. Quinn, wife of G. W. Quinn, Byrda Sodownsky, wife of John Sodownsky, Wm. D. Smith, Alfred Smith, Aden Smith, Henry C. Smith and David W. Smith.

## I.

Daniel Smith, the original defendant, is the common source of title. The plaintiff claims title by mesne conveyances from said Daniel Smith, and the defendant shows no record title, but claims title by limitation. The defendant challenges the plaintiff's record title and claims that it has no title whatever, and the plaintiff denies that the defendant has or could have any title by limitation, inasmuch as the property has been and is appropriated to a public use, to-wit, use by a railroad company, and, therefore, is exempt from the operation of the statute of limitations by the express provisions of section 4270, Revised Statutes 1899. The defendant has been in the actual possession of the premises for a sufficient length of time to claim title by limitation, and is entitled to retain such possession unless no title by limitation could be acquired to the premises while so appropriated to such public use.

The plaintiff's title arises in this wise: On November 2, 1868, the St. Louis and St. Joseph Railroad Company executed a mortgage to the Farmers' Loan and Trust Company of New York; which covered all its property, right of way, rights, privileges and franchises, and further, expressly, making the following provision: "And including its railroad made or to be made, its track laid or to be laid, its stations or station houses, depot grounds, rails, fences, bridges and all other belongings or structures, as well as engine houses or machine shops, rolling stock and other

property pertaining to said railroad now owned, or possessed, or acquired, or hereafter to be owned, possessed or acquired, and all lands or real estate to which the said party of the first part may become entitled through or by reason of the construction of the said railroad, together with all and singular the rights and privileges and corporate property and franchises of said railroad company, and all the appurtenances to the above described premises belonging or in anywise appertaining.''

Thereafter on March 18, 1874, this mortgage was foreclosed and S. Angier Chase became the purchaser at the trustee's sale, and on June 15, 1874, he conveyed the property to a new corporation called the St. Joseph and St. Louis Railroad Company, and thereafter on January 1, 1888, that company conveyed the property to the plaintiff company.

At the date of the mortgage by the St. Louis and St. Joseph Railroad Company to the Farmers' Loan and Trust Company, to-wit, November 2, 1868, the mortgagor did not own the property in controversy here, but thereafter on September 3, 1870, by a general warranty deed, Daniel Smith and wife conveyed the property to the St. Louis and St. Joseph Railroad Company, it being a part of a larger piece of the property conveyed for a railroad right of way, and the part in question being designated on the plat of the town as, ''Railroad Stock Yards and Grounds.''

The first proposition, therefore, is, whether this after-acquired property passed by the mortgage of the St. Louis and St. Joseph Railroad Company, which was made prior to the acquisition of the property. It will be observed that the mortgage contains an after-acquired-property clause, and that this after-acquired property was secured between the date of the mortgage and the foreclosure of the mortgage.

The principles of law applicable to such a case as this passed into adjudication by this court in Omaha and St. Louis Railway Co. v. Wabash, St. Louis and Pacific Railway Co., 108 Mo. 298. It was there held,

in an able opinion by BLACK, J., that an after-acquired property clause in a mortgage was valid and was sufficient to pass the title to such after-acquired property by the foreclosure of the mortgage. It will be noted, in addition, that in that case the property in controversy was not a part of the right of way, depot grounds, side tracks, etc., of the railroad company, but was a hotel, which was purchased and run by the railroad company for an eating house, to accommodate the employees of the company and passengers and others, and that it was nevertheless held to be an incident or appurtenant to the operation of the road. Counsel for plaintiff have supplemented this case by reference to the cases of Central Trust Co. v. Kneeland, 138 U. S. 414; Dunham v. Railroad, 1 Wall. 254, and Pennock v. Coe, 23 How. 117, where the same doctrine is announced.

The doctrine so announced falls within the general rule of law applicable to after-acquired property passing by virtue of a prior deed whenever the description in the deed is comprehensive enough to embrace it.

The particular property in controversy lies within the boundaries of the property specifically described in the deed from Daniel Smith and wife to the St. Louis and St. Joseph Railroad Company, dated September 3, 1870. That deed especially refers to this piece of property as a part of the granted premises, and makes the south line of this property a portion of the southern line of the larger piece of property covered by the grant, and in addition refers to the fact that this piece of property is marked on the plat of the town as "Railroad Stock Yards and Crossings." In fact it is marked on the plat as "Railroad Stock Yards and Grounds," but its identity is established by the fact that it lies north of block number 14 of the town and northwest of the public square. But aside from this, the after-acquired property passed by the mortgage by force of section 459, Revised Statutes 1899.

Under these circumstances the legal conclusion

flows that the plaintiff has a good and sufficient record title to the property.

## II.

The only remaining question is, whether the defendant Daniel Smith has acquired title to the property by limitation.

There is no question that the defendant by himself and those claiming under him have had the actual possession of the property for a time sufficiently long to confer title by limitation.if such a title can be acquired as to this property against the railroad company. The property is a part of the strip of land running through the town of Gower, and marked on the plat of the town as "Railroad Right of Way"—"Railroad Stock Yards and Grounds." It lies adjacent to the "Railroad Right of Way," and is as much a necessary and proper appurtenant to the operation of a railroad as depot grounds are, for it is the depot for the loading and unloading of stock. It therefore falls within the rule laid down in Omaha & St. Louis Ry. Co. v. Wabash, St. Louis and Pacific Railway Co., 108 Mo. 298.

The case is almost identical with the essential facts involved in Railroad v. Totman, 149 Mo. 657, and the principles of law so clearly and forcibly stated by VALLIANT, J., speaking for this court in that case, apply with full force to this case. It was held in that case that while the statute of limitations applied to a railroad company generally, it did not apply to property owned by a railroad company and devoted to use as a right of way, depot or station grounds, for such property so devoted, was appropriated to a public use within the meaning of section 6772, Revised Statutes 1889 (sec. 4270, R. S. 1899), and was therefore exempted from the operation of the statute of limitations by virtue of that section of the statutes.

The research of counsel for appellant developed the fact that the conclusion so reached by this court in that case is in perfect consonance with similar cases in

other jurisdiction. [Slocumb v. Railroad, 57 Iowa 675; Railroad v. French, 43 S. W. 771; Railroad v. Telford's Exr's, 14 S. W. 776; Fox v. Hart, 11 Ohio 414.]

The fact is emphasized in these cases, that the railroad is not cut off from its right to claim that such land is appropriated to a public use, because it had not previous to the controversy actually used it for a right of way, depot grounds, etc., for it was pointed out that if the land was within the designation the company was not obliged to actually occupy it until it became necessary or desirable for it to do so, and that any one who enters upon land so owned by a railroad company, and erects improvements thereon, does so at his peril, and is affected with notice of the rights of the railroad to such land, and that no possession can be adverse to the railroad or be made the basis of a title by limitation as against the railroad, no matter how long that possession may continue. These are the logical and necessary sequences flowing from the Constitution of this State in reference to property so held by railroads for such uses, as was pointed out by this court in Thompson v. Railroad, 110 Mo. l. c. 160.

It follows that the defendant has no title whatever to the land in controversy, but that the plaintiff has a good and sufficient title thereto and is entitled to the possession thereof. The judgment of the circuit court is therefore erroneous, and it is therefore reversed and the cause remanded to be proceeded with in accordance herewith. All concur.