CLAUDE E. VROOMAN, Appellant, v. C. H. BURDETT, JESSE A. MITCHELL, V. A. DOBYNS, NELSON HITCHCOCK, C. E. YEOMAN, L. H. PETTIT, W. E. MANKIN, W. F. REYNOLDS and LLOYD REYNOLDS, Administrator of the Estate of J. A. G. REYNOLDS. —83 S. W. (2d) 95.

Division Two, May 7, 1935.

*McDonald & Just, N. J. Craig* and *Mann, Mann & Miller* for appellant.

*Lz Banta, F. W. Barrett* and *Herman Pufahl* for respondents.

BOHLING, C.—Action on a contract, wherein appellant seeks judgment in the principal sum of fifty thousand dollars deferred payments under the contract hereinafter mentioned.

Respondents, during the progress of the trial, amended their answer and interposed the defense that the contract sued on had been modified and respondents released from their obligations thereunder. Appellant presents but one issue here, to-wit: There was no consideration to support the claimed modification of the original contract and the release of respondents, and, therefore, he was entitled to a directed verdict.

On August 4, 1922, Claude E. Vrooman (appellant), as party of the first part, entered into a contract in writing with J. A. G. Reynolds, C. H. Burdett, Jesse A. Mitchell, V. A. Dobyns, Nelson Hitchcock, C. E. Yeoman, L. H. Pettit, W. E. Mankin and W. F. Reynolds (represented as respondents here) and A. P. Miller, as parties of the second part; whereby insofar as here deemed material, said first party sold and agreed to deliver to said second parties the entire capital stock of the Ozark Southern Railway Company, a corporation, "consisting of fifteen hundred (1500) shares, par value of $100.00 each," for which said second parties agreed to pay said first party $65,000, as follows: $15,000 in cash, $5,000 eighteen months after date, $5,000 twenty-four months after date, and $40,000 five years after date, with interest at the rate of six per centum per annum. The second parties assumed the taxes for the year 1922; but all other liens, judgments, encumbrances or debts against said railroad were to be paid and released by said first party, who agreed to furnish an indemnity bond or other security agreeable to said second parties. The provisions of said contract upon which appellant bases his contention that the modified agreement is not supported by a consideration reads:

"It is further agreed and understood by and between said parties that the deferred payments of Fifty Thousand Dollars ($50,000.00), as aforesaid, shall be secured in the following manner, to-wit: That the capital stock of said Ozark Southern Railway Company shall be reduced to One Hundred Thousand Dollars ($100,000.00) and that a first mortgage or deed of trust be given on said road securing the aforesaid deferred payments."

The parties of the second part agreed to expend $7500 in repairs, equipment, materials, improvements and betterments of the road. The certificates of stock of said first party were to be delivered to the second parties on the payment of $15,000 and the execution of the aforesaid deed of trust.

The parties to the original contract were unable to complete the transaction on August 4, 1922. The necessary papers for closing the transaction were prepared and brought, according to respondents, by appellant and his attorney to a meeting arranged for August 29,

1922. At the meeting on August 29 new directors and officers of the Ozark Southern Railway Company were elected. Respondents satisfied appellant they had expended the $7500 in betterments. Appellant, in lieu of furnishing the indemnity bond, made a satisfactory deposit of $10,000 in cash. According to respondents' evidence, contradicted by appellant's evidence, appellant wanted notes of the Ozark Southern Railway Company and agreed that if the $50,000 of deferred payments (to be secured by a first mortgage or deed of trust on "said road") be evidenced by notes of said railway he, appellant, would release respondents from all further obligations under said original contract; that this was the first mention made of notes to be executed by said railway; that, as requested by appellant, the notes of said railway and deed of trust securing said notes were executed and delivered to appellant; and that, as appellant did not have the original contract with him, it was not available for surrender or cancellation, although it was understood and agreed between appellant and respondents that said original contract was of no further force and effect as against respondents. The $15,000 cash was paid to appellant, and the other covenants of said original contract were performed or satisfactorily arranged for, including securing the approval of the Public Service Commission of the State of Missouri to the issuance of said notes and deed of trust.

The original contract imposed personal obligations upon the respondents. It did not impose any personal obligation upon the Ozark Southern Railway Company, which was not a party to said contract, although the deferred payments therein mentioned were to be secured by a first mortgage or deed of trust on "said road." Appellant (admitting the original contract did not provide for the execution and delivery of the notes of said railway) argues that since the original contract required a deed of trust to be given by said railway on its property to secure said deferred payments, the execution and delivery of the notes of said railway imparted nothing of additional value to which appellant was not entitled under the terms of said original contract. The rule of law upon which appellant relies is clearly stated in Mount Vernon, etc., Co. v. Hirsch, etc., Co., 285 Mo. 669, 693, 227 S. W. 67, 74(5), as follows: "It has been repeatedly held by each one of the Courts of Appeals in this State that an agreement made in substitution of an executory contract of prior date annuls the former contract and is itself a sufficient consideration for a release of its obligations. (Citing cases.) While the rule is thus stated broadly, the substituted arrangement must contain a change of the obligation of each party in order to constitute a consideration. If the obligation of one party only is affected by the new arrangement, and the other party receives nothing additional and is relieved of no duty, then there is a want of consideration. (Citing cases.)" [See, among others: In re Wood's

Estate, 288 Mo. 588, 600(2), 232 S. W. 671, 674(4); Lingenfelder v. Wainwright Brewing Co., 103 Mo. 578, 593, 15 S. W. 844, 848.] Appellant accepted and testified to his ownership of the notes of said railway; asserting, however, that he held them as collateral. Such a modification of the original contract also should be supported by a consideration to be enforceable against said railway (Macfarland v. Heim, 127 Mo. 327, 333, 29 S. W. 1030, 1031(1)); as, applying well-settled rules of law, the notes of said railway and the deed of trust securing the same were separate and distinct contracts; and appellant was at liberty to enforce the personal obligation evidenced by said notes against the general property of said railway irrespective of and without resort to said deed of trust. [Allen v. Dermott, 80 Mo. 56, 59(2); Maffat v. Greene, 149 Mo. 48, 55, 50 S. W. 809, 811; Shackleford v. Clark, 78 Mo. 491, 494; Southwestern Mo. Trust Co. v. Crow (Mo. App.), 272 S. W. 1040, 1041(1).] The provisions in said contract calling for a deed of trust on "said road" did not embrace future earnings of said railway so long as "said road" remained in the possession of the mortgagor (Rumsey v. People's Ry. Co., 91 Mo. App. 202, 208; Jackman v. St. Louis & H. Railroad Co., 304 Mo. 319, 325(2), 263 S. W. 230, 231(2); Emerson v. European, etc., Ry. Co., 67 Me. 387, 24 Am. Rep. 39; Teal v. Walker, 111 U. S. 242, 248, 4 Sup. Ct. 420, 423, 28 L. Ed. 415, 417, stating: "We believe that the rule is, without exception, that the mortgagee is not entitled to demand of the owner of the equity of redemption the rents and profits of the mortgaged premises until he takes actual possession"), or any after-acquired extensions to the then existing lines of said railway; as, while a railroad may execute a valid mortgage covering its after-acquired property (Omaha, etc., Ry. Co. v. Wabash, etc., Ry. Co., 108 Mo. 298, 18 S. W. 1101), the apparently better considered decisions are to the effect that words covering future-acquired property should expressly or by necessary implication be included in the agreement in order to embrace such property (Mississippi Val. Co. v. Chicago, etc., Co., 58 Miss. 896, 903, 38 Am. Rep. 348, 349, stating: "neither a man nor a corporation can, by general terms only, mortgage—so far as subsequent purchasers and creditors are concerned—everything that it may thereafter acquire, through all time; for this would be a mere pledge of its capacity of acquisition, and would afford no sort of indication of what was to pass under the instrument;" Louisville Trust Co. v. Cincinnati, etc., Ry. Co., 91 Fed. 699, TAFT, J., writing; and arguendo, St. Joseph, etc., Ry. Co. v. Smith, 170 Mo. 327, 330, 70 S. W. 700, 701, stating: "It will be observed that the mortgage contains an after-acquired property clause, and that this after-acquired property was secured between the date of the mortgage and the foreclosure of the mortgage"). The assumption of a personal liability where none before existed has been held a consideration for

the modification of a contract. [Carter v. Rhodes, 135 Cal. 46, 66 Pac. 985.] If, on August 29, 1922, appellant was willing to and did release respondents from their personal obligations under the contract of August 4, 1922, in exchange for the legal right to enforce against the general property of the Ozark Southern Railway Company its personal obligations evidenced by said notes and the possible advantages to accrue to appellant therefrom, accompanied by the relinquishment of the corresponding legal right on the part of said railway, the modification of said original contract was supported by a valuable consideration; and as respondents' evidence was to the effect appellant did release respondents in exchange for said notes, the trial court properly submitted this issue of fact to the jury for determination.

Respondents' original answer proceeded on the theory the original written contract was not the true contract of the parties; that the true original contract (although not so reduced to writing) - contemplated no personal obligation on respondents, but that the Ozark Southern Railway Company was to execute its notes for the deferred payments and its deed of trust on all the property and effects of said railway securing the same. The trial court sustained appellant's objections to parol evidence of prior transactions attacking the written contract. Thereupon respondents amended their answer by interlineation without striking (although abandoning) the above portion of the original answer and interposed the defense of modification and release. We do not find the answer introduced in evidence for the consideration of the jury, although appellant urgently stresses said portion of respondents' answer in his argument for an outright reversal, with judgment for appellant, in the nature of an admission that there was no consideration for the claimed release of respondents. Of necessity, we think, the validity of appellant's claimed ownership of said notes and respondents' claimed modification of and release from said original contract would rest on like principles of law. In either event a consideration should exist to support the change from the original contract. The issue of modification and release remained for the triers of the facts. [Andrus v. Business Men's Acc. Assn. of Am., 283 Mo. 442, 455(4), 223 S. W. 70, 75(12); McKee v. Higbee, 180 Mo. 263, 306, 79 S. W. 407, 419, 420.]

The judgment is affirmed. *Cooley* and *Westhues, CC.*, concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All of the judges concur.