**M. E. SAYERS, Plaintiff-Appellant,**

v.

**BAGCRAFT CORPORATION OF AMERICA, INC., Defendant-Respondent.**

No. 11211.

Missouri Court of Appeals,
Southern District,
Division Four.

March 31, 1980.

Roger K. Fisher, Robert B. Lee, Joplin, for plaintiff-appellant.

Deryl Edwards, Charles Buchanan, Joplin, for defendant-respondent.

GREENE, Judge.

This is an action for breach of an employment contract. Plaintiff M. E. Sayers was employed by defendant Bagcraft Corporation of America, Inc. (Bagcraft), as office and production manager of defendant's Joplin, Missouri plant, under a written agreement dated December 1, 1969. Plaintiff's salary was set at $15,000 a year. The agreement contained a covenant that plaintiff would devote his best efforts to advance Bagcraft's interests, and further provided that either party could terminate the agreement upon 90 days' written notice. Plaintiff began his employment December 1, 1969 and was paid at the $15,000 per year rate through October of 1971.

Problems developed. Bagcraft believed that plaintiff was not doing an adequate job. Production was down. Sayers was having difficulty communicating with people, he did not follow suggestions of top level management, complaints were made by customers regarding the quality of products purchased from the plant, there was excessive material waste and a shortage of tools and materials. Bagcraft, in an effort to solve the problems, dispatched Tom Jakobic, a plant supervisor at their Chicago, Illinois plant, to Joplin, where Jakobic took over plaintiff's duties.

Instead of terminating the employment of plaintiff, after proper notice, as permitted by the 1969 agreement, defendant, on October 14, 1971, entered into a new written agreement with plaintiff. The agreement was as follows:

"10–14–71—As of November 1, 1971 contract between Bagcraft Corporation of America and Edward Sayers dated December 1, 1969 is cancelled.

In its place, Mr. Sayers will continue until further notice at a salary of $7,500 per year, payable monthly or semi-monthly.

The new salary agreement is in lieu of the notice period required in the original agreement.

Signed: for Bagcraft of America

A. A. Meister, Pres.

for Edward Sayers

Edward Sayers"

At trial, plaintiff testified that he signed the new agreement because he was told by Meister that the Joplin operation was not profitable and that certain expenses, including plaintiff's salary, had to be cut. Bagcraft's testimony, as to the reason for the new contract was that plaintiff was not handling his job responsibility in a satisfactory manner.

Starting November 1, 1971, plaintiff reported to and worked under the supervision

of Jakobic. Plaintiff's duties were confined to the supervision of shipping and warehousing. Problems continued in the warehouse and shipping area. Shipments were late, orders were not correctly filled, merchandise was damaged and invoices were not properly handled. Because of the failure of plaintiff to come to grips with these new problems, his employment was terminated in April of 1972.

Plaintiff filed suit on the original agreement in 1974, and the case was court-tried in 1978. The reason for the 4 year delay does not appear in the record. After trial, the court entered judgment in favor of defendant, finding that the agreement of October 14, 1971 cancelled the prior agreement of December 1, 1969. The court found that there was sufficient consideration for the cancellation of the original contract (Bagcraft foregoing its right to terminate Sayer's employment via the 90 days' notice clause, and the fact that plaintiff was relieved of certain duties and obligations that he was obligated to perform under the original contract.). This appeal followed. We affirm.

Plaintiff raises five points on appeal. He contends that the trial court erred in 1) finding that the 1971 agreement constituted a termination of and substitution for the 1969 employment agreement, rather than a modification of same, because defendant is bound by its answer stating that the employment agreement was modified, 2) construing the 1971 agreement to be a termination of and substitution for the 1969 agreement as there was no substantial evidence to support such construction, and that such construction is against the weight of the evidence, 3) declaring the law in holding that when a contract is terminated by consent of the parties and a new contract substituted therefore, sufficient consideration is provided by the mutual promises of the parties, 4) finding that there was sufficient consideration to support the 1971 agreement, as such finding was not supported by substantial evidence and was against the weight of the evidence, and 5) finding that defendant was not required to give plaintiff written notice of termination.

## POINT ONE

Plaintiff contends that the 1971 agreement was a modification and not a termination of the 1969 agreement. Evidently, he takes this position to show 1) that a modification of a contract must be supported by new consideration, and 2) that defendant was still bound by the 90 day notice provisions of the 1969 agreement before terminating the employment of plaintiff. In support of this argument, he contends that defendant has conceded this argument by pleading, in its amended answer, that the 1969 contract had been modified by the 1971 agreement. While defendant did plead modification in its amended answer, it also, in the same pleading, raised the affirmative defenses of accord and satisfaction, estoppel, and discharge by a substituted contract. In these pleadings, defendant alleged, "plaintiff accepted and received from defendant $7,500 per year in full satisfaction in discharge of the obligation which is the basis of this action", and "defendant entered into a substituted contract."

The trial court's written opinion indicates that the alternate theories pled, as mentioned above, were the basis of its decision. The court held, "The court finds that it was a recision (sic), and not a modification. The Secondary Agreement used the words 'is cancelled' in referring to the Original Agreement and the phrase 'in its place'. Giving these words their usual and ordinary meaning signifies the intent of the parties to replace the Original Agreement." While it is a general rule that allegations or admissions of fact contained in pleadings upon which a case is tried are binding on the pleader, *Wehrli v. Wabash Railroad Company*, 315 S.W.2d 765, 773 (Mo.1958), cert. denied, 358 U.S. 932, 79 S.Ct. 321, 3 L.Ed.2d 304 (1959), a party has a right to plead in the alternative, and may state as many separate claims or defenses as he has, regardless of consistency. Rule 55.10, V.A. M.R., *Kaiser Alum. & Chem. Sales, Inc. v. Lingle Refrig. Co.*, 350 S.W.2d 128, 131 (Mo. App.1961). Since defendant did plead in

the alternative in this case, the admissions and confessions contained in its affirmative defense answers control and take precedence over the answer constituting a general denial, which contained the allegation of contract modification. *Farmers & Traders Bank of Kendrick*, 341 Mo. 571, 575, 108 S.W.2d 62, 64 (1937). Furthermore, the allegation of contract modification in the amended answer is an allegation of a legal conclusion, not one of fact, and was not an admission of fact that is binding on the defendant. The point is denied.

## POINT TWO

■■■ In this point, plaintiff contends that there was no substantial evidence to support the trial court's finding that the 1971 agreement was a termination of and substitution for the 1969 contract and further that such a construction was against the weight of the evidence. Merely alleging what errors there are, without asserting wherein and why they are errors, preserves nothing for review. Rule 84.04(d), V.A.M.R., *Thummel v. King*, 570 S.W.2d 679, 685 (Mo. banc 1978). Plain error review under Rule 84.13(c) is not warranted, as a reading of the record indicates that there was substantial evidence introduced from which the trial judge could make the finding complained of. The point is denied.

## POINT THREE

In this point, plaintiff argues that the trial court erroneously declared the law in holding that when a contract is terminated by consent of the parties and a new contract substituted therefore, sufficient consideration is provided by the mutual promises of the parties. He urges that, in order for sufficient consideration for the substitute agreement to exist, the obligation of each party must change.

■■■ It is true that the substituted agreement must contain a change of the obligation of each party in order to constitute a consideration. *Rexite Casting Co. v. Midwest Mower Corp.*, 267 S.W.2d 327, 331 (Mo.App.1954). If the obligation of only one of the parties is affected by the new

agreement, and the other party receives nothing additional and is relieved of no duty, then there is a want of consideration. *Mt. Vernon Car Mfg. Co. v. Hirsch Rolling Mill Co.*, 285 Mo. 669, 693–694, 227 S.W. 67, 74 (1920). In its written opinion, the trial court said,

"Is it (sic) basic law that any change in the existing contract such as a modification of salary must have new consideration to support it. Where, however, a contract is terminated by the consent of both parties and a new contract executed in its place, then we have a different situation and the mutual promises of the parties constitutes the necessary consideration.

Was the Secondary Agreement in this case a modification or a termination of the Original Agreement?

The Court finds that it was a recision (sic) and not a modification. The Secondary Agreement used the words '*is cancelled*' in referring to the Original Agreement and the phrase '*in its place*'. Giving these words their usual and ordinary meaning signifies the intent of the parties to replace the Original Agreement. Such being the intent, there appears to be sufficient consideration to support the Secondary Agreement since both Sayers and Bagcraft surrendered certain rights and obligations under the Original Agreement such as the notice requirements and the restrictive covenant which prohibited Sayers from having other employment while working for Bagcraft. The surrender by one is the consideration for the surrender by the order."

We feel that what the court meant in the first quoted paragraph was that the second agreement needed to be supported by mutual changes in obligations for consideration to be established in the second agreement. The language in the third paragraph of the quoted portion of the court's finding makes its feeling about the consideration issue abundantly clear. The statement of the trial court complained of, taken out of context, was not an erroneous declaration of

law on the part of the trial court. The point is denied.

## POINT FOUR

Defendant's complaint on this point is that "The Circuit Court of Jasper County erred in finding that there was sufficient consideration to support the 1971 instrument which is void without sufficient consideration, because there is not substantial evidence to support this finding and this finding is against the weight of the evidence." Here again, plaintiff ignores the dictates of Rule 84.04(d), V.A.M.R. No "wherein or why" is stated. Plaintiff has preserved nothing for appellate review. We decline to review as plain error for the reasons stated in point two. The point is denied.

## POINT FIVE

In his last point, plaintiff argues that the court erred in finding that defendant was not required to give plaintiff written notice prior to terminating his employment, for the reason that the written notice provisions of the 1969 agreement were still binding on defendant after the execution of the 1971 agreement. We disagree. The cancellation of the 1969 agreement and the substitution of a new contract in place thereof was supported by sufficient consideration, since the obligations of both parties to the agreements changed. *Vrooman v. Burdett*, 336 Mo. 1181, 1184, 83 S.W.2d 95, 96 (1935). The cancellation of the 1969 contract relieved plaintiff of his obligation to give 90 days' written notice of his intention to quit, reduced his duties, and relieved him of the obligation of foregoing any commercial duties or pursuits other than his job duties for defendant. In return, Bagcraft was deprived of its right to receive written notice of plaintiff's intent to quit, and, in turn, was relieved of any obligation to give a written notice to plaintiff of intention to terminate his employment. The new agreement did not contain any provision for written notice of intention to terminate, and no such notice was required by, or to, either party. The point is denied.

The judgment is affirmed.

MAUS and PREWITT, JJ., and HOUSER, Special Judge, concur.

FLANIGAN, C. J., recused.