KANSAS CITY ELECTRICAL SUPPLY COMPANY, a corporation, and Rensenhouse Electric Supply Company, Inc., a corporation, Appellants,

v.

BOMAR ELECTRIC COMPANY, INC., Price Brothers Realty Company, a corporation, Sam Price and Steven Price, d/b/a Price Development Company, Donald B. Steele, Trustee, and Metropolitan Life Insurance Company, a corporation, Respondents.

No. KCD 29873.

Missouri Court of Appeals,
Western District.

April 2, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 1, 1979.

Application to Transfer Denied
June 19, 1979.

Leo T. Schwartz, Kansas City, for appellant Kansas City Elec. Supply Co.

Wm. J. Hill, Kansas City, for appellant Rensenhouse Elec. Supply Co., Inc.

James P. Jouras, Kansas City, for respondents.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

**SOMERVILLE, Presiding Judge.**

This appeal stems from an "equitable" mechanics' lien proceeding brought under Sections 429.270–429.340, RSMo 1969, by Kansas City Electrical Supply Company and Resenhouse Electric Supply Company, Inc., electrical supplies "materialmen", as plaintiffs, against (a) Bomar Electric Company, Inc., a defendant by reason of being the electrical subcontractor, (b) Price Brothers Realty Company, a defendant by reason of being the property owner, (c) Sam Price and Steven Price, d/b/a Price Development Company, defendants by reason of being the primary contractor, and (d) Donald B. Steele and Metropolitan Life Insurance Company, defendants by reason of being the trustee and cestui que trust, respectively, of a deed of trust on the property.

Plaintiff materialmen sought money judgments against Bomar Electric Company, Inc. (Bomar) for electrical supplies sold to the latter and purportedly used in the construction of the Willow Creek Apartments, an apartment complex erected on real estate owned by Price Brothers Realty Company, and to have said money judgments adjudicated as mechanics' liens on said real property and buildings comprising the apartment complex and that they be declared to be "prior, senior and superior to all rights, titles, interests and estates" of the various defendants.

Following a bench trial a money judgment in the total sum and amount of $8,638.49 ("$7,046.17 principal and $1,592.32 interest") was rendered and entered in favor of Kansas City Electrical Supply Company and against Bomar, and a money judgment in the total sum and amount of $10,242.64 ("$8,579.11 principal and $1,663.53 interest") was rendered and entered in favor of Resenhouse Electric Supply Company, Inc., and against Bomar. However, the trial court refused the request of plaintiff materialmen to have their respective money judgments established and enforced as mechanics' liens against the real property and buildings situate thereon.

Bomar, for all practical purposes, acceded to the money judgments rendered and entered against it, as it took no appeal. Plaintiff materialmen however timely appealed and in doing so vigorously take issue with the trial court's rejection of their money judgments as enforceable mechanics' liens. The trial court's reasoning for doing so, as disclosed by certain recitations in the judgment rendered and entered, was twofold: (1) the materials purportedly furnishing the basis for the claimed mechanics' liens were not sufficiently described or itemized so as to constitute a "just and true account" within the requirements of Section 429.080, RSMo 1969; and (2) plaintiff materialmen failed to prove that the electrical supplies respectively sold by them to Bomar were used in the construction of the apartment complex in question.

The two points relied upon by plaintiff materialmen on appeal lend themselves to

being paraphrased as charging the trial court with error for rejecting perfection and enforcement of their money judgments as mechanics' liens for the reasons recited in the judgment.

It is unnecessary to address both points raised on appeal because the trial court judgment must be affirmed if it was properly reached for either of the recited reasons. *Snadon v. Gayer*, 566 S.W.2d 483, 491–92 (Mo.App.1978); and *Simpson v. Spellman*, 522 S.W.2d 615, 617 (Mo.App. 1975). Heeding this principle, the court will confine its opinion to the law and evidence appertaining to the trial court's finding that plaintiff materialmen failed to prove that the electrical supplies respectively sold by them to Bomar were used in the construction of the apartment complex in question. In doing so, it should be borne in mind that the scope of review undertaken by this court is tightly circumscribed since it must comport with the following standard laid down in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976): "[T]he decree or judgment of the trial court will be sustained by the appellate court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. Appellate courts should exercise the power to set aside a decree or judgment on the ground that it is 'against the weight of the evidence' with caution and with a firm belief that the decree or judgment is wrong."

In order for a materialman to have a mechanic's lien upon a particular structure for materials in this state it is incumbent upon him to prove that the materials comprising the source of the lien "actually entered" or "went into" or were "used in" the construction of the structure upon which he seeks to impress his lien. *Tallman Co. v. Villmer*, 133 S.W.2d 1085, 1087 (Mo.App.1939); and *Davidson v. Fisher*, 258 S.W.2d 297, 301 (Mo.App.1953). This unyielding requirement harks back to the case of *Simmons, Garth & Co. v. Carrier*, 60 Mo. 581 (1875) and its continuing viability was recently recognized in *Boyer Lumber, Inc. v. Blair*, 510 S.W.2d 738, 745 (Mo.App.1974). Concededly, the harsh ef-

fect of applying this requirement to the point of absurdity has been tempered by the colloquially denominated "every stick" rule which simply means that it is not necessary for a lien seeking materialman to show that "every" lienable item was actually observed going into the targeted structure. *Boyer Lumber, Inc. v. Blair*, supra at 746; and *E. R. Darlington Lumber Co. v. Harris*, 107 Mo.App. 148, 80 S.W. 688, 688 (1904). Nevertheless, recognition of the "every stick" rule does not relieve a lien seeking materialman from the obligation of showing that the claimed lienable items went into the structure sought to be impressed with a lien. In both *Boyer* and *Darlington* the evidence disclosed that the materials comprising the subject of the liens were actually delivered to the respective construction sites and such, along with the presence of other evidence, was considered sufficient to show that the claimed lienable items went into the appropriate structures.

The evidence, as it must be, will be scrutinized in the light of *Murphy v. Carron*, supra. In the instant case there was no evidence whatsoever that the claimed lienable items were actually delivered to the Willow Creek construction site. At best the evidence merely disclosed that orders placed by Bomar with plaintiff materialmen which purportedly reflected the claimed lienable items contained notations that the items were earmarked for the Willow Creek project and that plaintiff materialmen's invoices accompanying shipments to Bomar corresponded with the orders. Although the evidence revealed delivery of the claimed lienable items to the warehouse of Bomar, their location and movement thereafter was swallowed in silence. At the risk of being repetitious, there is no evidence whatsoever that any of the claimed lienable items were actually delivered to the Willow Creek construction site. In the face of this evidentiary hiatus, plaintiff materialmen's principal witness, an ex-officer of Bomar, admitted on cross-examination that Bomar had several other apartment jobs going at the time and it was possible that some of the claimed lienable items had gone into other apartment projects. This same witness testified that one Bill Brown, another

employee of Bomar, was responsible for keeping records as to where materials received by Bomar from its suppliers went after being delivered to Bomar's warehouse. For reasons unknown, Bill Brown was never offered as a witness.

The long and short of the matter is that plaintiff materialmen failed to satisfy the trial court that the claimed lienable materials were ever delivered to the job site, much less that they "actually entered", "went into" or were "used in" the Willow Creek Apartment complex. *Tallman Co. v. Villmer*, supra; and *Davidson v. Fisher*, supra. The "every stick" rule affords no haven of escape for plaintiff materialmen from the evidentiary chasms criss-crossing their case. A fortiori, this court cannot say that the judgment rendered and entered by the trial court lacked substantial evidence to support it, or that it erroneously declared or applied the law, or that it was so against the weight of the evidence as to cause this court to firmly believe that it was wrong. *Murphy v. Carron*, supra.

Judgment affirmed.

All concur.