296 N.W.2d 479 (1980)
207 Neb. 152
ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Appellee,
v.
TRUESDELL DISTRIBUTING CORPORATION, a corporation, et al., Appellants.
No. 42784.
Supreme Court of Nebraska.
September 5, 1980.
*480 D. C. Bradford of Bradford & Coenen, Omaha, for appellants.
Lee H. Hamann and Ronald H. Stave of Law Offices of Emil F. Sodoro, P. C., Omaha, for appellee.
*481 Heard before BOSLAUGH and McCOWN, JJ., and COLWELL, KNEIFL and WHITEHEAD, District Judges.
PER CURIAM.
This is an action for an accounting brought by the plaintiff, St. Paul Fire and Marine Insurance Company, a corporation, hereinafter referred to as plaintiff, against Truesdell Distributing Corporation; Truesdell Distributing Corporation, doing business as A.B.T. Advertising; and A. Bruce Truesdell, hereinafter referred to as defendants. The trial court entered judgment for the plaintiff and against the defendants in the sum of $15,400.65, and the defendants appealed.
The facts of this case are as follows: The defendants, prior to 1971, employed Robert E. Schafer and, during the course of his employment, Schafer, in collusion with his wife, embezzled over $150,000 from the defendants. As part of their scheme, they solicited the services of an employee of the Center Bank of Omaha, Nebraska, and by forging signatures and presenting them to the bank, they were able to accomplish the embezzlement. The plaintiff was the bonding company for the Center Bank's employee. As soon as the defendants learned of the embezzlement, two actions were commenced, one against the Center Bank and one against the Schafers, to recover the money wrongfully taken from the defendants.
The action against the Center Bank was settled by the agreement between the parties which formed the basis of this action. The action against the Schafers resulted in a judgment against them in the approximate amount of $185,000. The judgment against the Schafers was registered in Hall County, Nebraska, and became a lien against the residence of the Schafers and the assets of a tavern owned and operated by them. Through negotiations with the Schafers and creditors of the Schafers, both secured and nonsecured, defendants obtained title to the residence and the tavern. Defendants were also able to recover $7,500 from a debtor of the Schafers.
As part of the settlement between the Center Bank and the defendants, an assignment was executed to the plaintiff, to wit:
"We, the undersigned, Truesdell Distributing Corporation, a Nebraska Corporation, Truesdell Distributing Corporation, doing business under the trade name and style of A.B.T. Advertising, and A. Bruce Truesdell, for good and valuable consideration, the receipt of which is hereby acknowledged by the undersigned assignors, hereby assign, transfer, set over, convey, bargain and sell unto the St. Paul Fire and Marine Insurance Company, its successors and assigns, all claims of the undersigned, and each of them, against Robert E. Schafer to the extent and limit of the sum of Twenty-One Thousand Eight Hundred Seventy-Eight and 22/100 Dollars ($21,878.22).
"This assignment is limited to the extent that one-third (1/3) of any recoveries made against the said Robert E. Schafer shall become the sole and separate property of the St. Paul Fire and Marine Insurance Company, its successors and assigns, until the aforedescribed amount is recovered by said assignee, its successors and assigns, it being understood by the parties hereto that various actions and lawsuits either are or will be commenced against the said Robert E. Schafer by, for, and on behalf of the undersigned, and that of all sums recovered by the undersigned against the said Robert E. Schafer one-third (1/3) of said sums, to the extent of the aforedescribed amount, shall be held in trust by the undersigned for and on behalf of the assignee herein, its successors and assigns."
The defendants acquired the tavern and the house from the Schafers in 1972 and continued the operation of the tavern until 1974, when it was sold. The defendants did not dispose of the residence until 1976. The record is not in dispute that the defendants at no time consulted the plaintiff as to any of their dealings concerning the residence or tavern.
In January of 1975, plaintiff brought an action in the District Court for Douglas County, Nebraska, for an accounting for *482 their one-third share of the proceeds recovered by the defendants from the Schafers as per the assignment. The defendants, in the trial court, prayed that their expenses and losses in the operation of the tavern and their retention of the residence, as well as attorney fees paid by them in the amount of $16,708.50, be deducted in arriving at the net value of the recovery.
The trial court found the value of the property at the time of the sale to be, to wit: residence, $7,624; tavern, $31,077.95; and the debt, $7,500, for a total of $46,201.95. One-third, as per the assignment to the plaintiff, equaled $15,400.65. The trial court rendered judgment for the plaintiff in the sum of $15,400.65.
The defendants' appeal involves two issues: (1) Whether the trial court erred in arriving at the net value by refusing to deduct the losses and expenses incurred by the defendants during their operation of the tavern and retention of the residence; and (2) Whether the trial court erred in failing to deduct attorney fees in the amount of $16,708.50 in arriving at the net value of the recovery.
The provisions of Neb.Rev.Stat. § 25-1925 (Reissue 1979) govern this appeal and the matter is tried de novo in the Supreme Court. This court, under the provisions of § 25-1925, is bound to retry the issues of fact preserved in the bill of exceptions and reach independent conclusions thereon without reference to the conclusions reached by the trial court.
The rule in this state is that, where evidence on material issues is conflicting and this court is trying the issues de novo, we will consider the fact that the trial court had the opportunity to examine the physical evidence, observe the manner and demeanor of the witnesses testifying, and must have accepted one version of the facts rather than the opposite. Thomas v. Flynn, 169 Neb. 458, 100 N.W.2d 37 (1959); Winkle v. Mitera, 195 Neb. 821, 241 N.W.2d 329 (1976).
The evidence contained in the record as to the value of the tavern and residence at the time of acquisition by the defendants is in hopeless conflict and, from the record alone, the value is impossible of determination. The trial court determined the value of the realty to be that value at the time of sale.
Applying the foregoing rule, we find the decision of the trial court was correct. One of the main issues in this case is the failure of the trial court to give the defendants credit for the expenses that were incurred from the time of acquisition until sale.
The assignment executed on November 10, 1971, by the defendants to the plaintiff specifically requires the defendants to hold in trust for the benefit of the plaintiff one-third of all recoveries made by the defendants. A trust relationship, by reason of the instrument, was created between the plaintiff and defendants as to all recoveries made by the defendants against the Schafers.
The record is not in dispute that the defendants never consulted the plaintiff about their acquisition, management, or disposition of the residence or the tavern they acquired from the Schafers. The defendants treated the property as their own, taking a yearly deduction on their state and federal income tax returns for the expenses and losses incurred. Defendants now assert that they should be entitled to a credit for expenses and losses incurred on the residence and tavern.
The evidence substantiates that it was the defendants' own choice to hold the assets and gamble on their value in the future. The defendants did not consult with the plaintiff concerning their choice, and the defendants did not advise the plaintiff as to their activities concerning the assets. It has long been the rule in this state that the trustee has a duty to fully inform the beneficiary of all material facts so that the beneficiary can protect his own interests where necessary. Johnson v. Richards, 155 Neb. 552, 52 N.W.2d 737 (1952). The claim of the defendants for the losses and expenses is without merit.
*483 The second issue complained of by the defendants is the failure of the trial court to deduct the $16,708.50 attorney fees paid by defendants in arriving at the net value of the recovery from the Schafers.
The plaintiff here was an insurer who had paid a part of the loss and was entitled to share in any recovery obtained from the wrongdoer. The assignment gave the plaintiff the right to receive one-third of any recovery against Schafer and further provided that it was "understood by the parties hereto that various actions and lawsuits either are or will be commenced against the said Robert E. Schafer."
The general rule is that an insurer who is a subrogee and does not come into the action but accepts the avails of the litigation is liable for a proportionate share of the expenses of the litigation, including attorney fees. Krause v. State Farm Mut. Auto. Ins. Co., 184 Neb. 588, 169 N.W.2d 601 (1969). This rule is applicable to the plaintiff in this case.
We think a reasonable attorney fee in this case would be one-third of the recovery, which is slightly less than the amount the defendants claim was paid by them. We modify the judgment of the District Court to allow the defendants a credit of $5,133.55 for attorney fees, reducing the judgment to $10,267.10. As so modified, the judgment is affirmed.
AFFIRMED AS MODIFIED.