## PAUL RHODES, APPELLANT, V. ODAVILLE YATES, APPELLEE.

312 N.W.2d 680

Filed November 20, 1981. No. 43563.

Paul Rhodes, pro se.

Robert J. Bulger of Bulger & Jensen for appellee.

Heard before BOSLAUGH, CLINTON, BRODKEY, and WHITE, JJ., and HOWARD, District Judge.

WHITE, J.

This is a companion case to the case of *Nat. Bank of Commerce Trust & Savings Assn. v. Rhodes*, 207 Neb. 44, 295 N.W.2d 711 (1980). In that case, certain deeds to Rhodes were found to be fabrications. This court, agreeing with the trial court, found that signatures and an acknowledgment had been executed as part of a power of attorney and had later been detached and reattached to an instrument purporting to convey real estate to a grantor of Paul Rhodes. The court further found that the instrument had never been delivered, based on the testimony of the purported grantee, Augustine Rhodes, that she had never seen or had possession of the deed.

This is a suit by appellant, Paul Rhodes, defendant in the previous case, against Odaville Yates, the notary

public on the power of attorney of March 10, 1956, for slander of title. The trial court sustained a demurrer to the amended petition and dismissed the action. Rhodes appeals. We affirm.

The amended petition alleges that on August 18, 1978, the appellee Yates executed an affidavit, the effect of which was to reinforce the appellant's contention that it was a deed acknowledged by him on March 10, 1956. The amended petition also alleges that Yates gave a sworn statement to an attorney for the National Bank of Commerce on October 13, 1978, which contradicted in many material respects the affidavit of the previous August. Both the affidavit and the statement were received in evidence at the trial in the first action and were incorporated in the amended petition in this action. The petition alleges further that the sworn statement of October 13, 1978, was false and was responsible for the "defeat [of] this plaintiff's title . . . by defeating the Affidavit of the defendant herein in the Affidavit of August 18, 1978."

The general rule is that while the court will take judicial notice of its own records, it will not in one case take judicial notice of the record in another case. However, where cases are interwoven and interdependent and the controversy involved has already been considered and determined by the court in the former proceedings involving one of the parties now before it, the court has a right to examine its own records and take judicial notice of its own proceedings and judgments in the former action. Matters so judicially noticed are properly considered when determining the questions presented by a demurrer. *Knapp v. City of Omaha*, 175 Neb. 576, 122 N.W.2d 513 (1963).

The cause before us is essentially the same as that previously before this court. The appellant, by his reference to *Nat. Bank of Commerce Trust & Savings Assn. v. Rhodes, supra*, in his petition and amended petition, allowed the findings of fact in that case to be

considered in sustaining the demurrer.

The deeds upon which the appellant bases his claim were found to be fabricated and to never have been delivered. Since the issue here has been tried and judicially determined, the appellant cannot be heard to now question collaterally the expressed findings of that cause. In addition, appellant could recover no damage for being deprived of the title to property that he never acquired.

For the foregoing reasons, the judgment of the trial court was correct and is affirmed.

AFFIRMED.