**HARTMAN HOME CENTER, INC., John Hall Lumber Company and Hall Brothers Lumber Company, Appellants,**

v.

**BO BRI DO HOMES, INC. (Contractor), Gerald C. Gildehaus and Oma L. Gildehaus (Owners), and John D. Cowan and Georgia Cowan (Cestui Que Trust), Respondents.**

No. 45696.

Missouri Court of Appeals, Eastern District, Division Three.

March 29, 1983.

action was applicable to this case the mother of

Thomas J. Briegel, Union, for appellants.

the deceased was the proper party plaintiff.

Gael D. Wood, Eckelkamp, Eckelkamp & Wood, Washington, for respondents.

CRIST, Judge.

Equitable mechanic's lien action. We affirm.

Appellants (subcontractors) supplied materials for remodelling the restaurant of Gerald and Oma Gildehaus (owners). Bo Bri Do Homes, Inc. was the general contractor (general contractor).

The trial court gave monetary judgments to each of the subcontractors against the general contractor, but denied mechanic's liens to each of the subcontractors. The issue of this appeal is whether the trial court was correct in denying mechanic's liens to subcontractors.

■ In mechanic's lien cases the correct standard of review is one of deference to the trial court. Judgments of the trial court are to be affirmed unless there is no substantial evidence to support them, unless they are against the weight of the evidence or unless they erroneously declare or apply the law. *Messina Bros. Const. Co. v. Williford,* 630 S.W.2d 201, 202 (Mo.App.1982).

Appellants argue the trial court erroneously declared and applied the law. They believe the trial court held them to a higher standard of proof than is required by law in proving the contents of its lien statement.

■ A claimant seeking a materialmen's lien has the burden of establishing that materials sold were actually used in the construction project. *Farmington Building Supply Co. v. L.D. Pyatt Construction Co.,* 627 S.W.2d 648, 651 (Mo.App.1981). While subcontractors are not required to prove that "every stick" went into the project, it was incumbent upon them to prove the materials contained in the lien statement actually went into or were used in the construction of the restaurant project. *Kansas City Electrical Supply Co. v. Bomar Electric Co.,* 581 S.W.2d 411, 413 (Mo.App.1979). A lien statement that inadvertently and unintentionally includes non-lienable items does not preclude a lien right

if the nonlienable items can be separated. *Farmington,* 627 S.W.2d at 650.

Robert Presley, officer and director of the general contractor, a now defunct corporation, supplied the evidence for subcontractors. On direct examination, Presley testified, that with the exception of a ladder, all of the items on the invoices of all subcontractors were used in remodelling the Gildehaus' restaurant. He further testified he believed the charges contained in the invoices were reasonable. On cross-examination, Presley could not say for sure whether some of the tools used on the job and listed in the invoices were completely worn out or if they could be reused. He could not say that all the items contained in the invoices went into the restaurant project, but he did say he believed that substantially all of the supplies contained in the invoices went into the project in question.

Gerald Gildehaus, owner and operator of the restaurant in question, testified for the opposition. He stated, with the exception of one evening, Presley showed up on the job site on an average of once a week and then only for fifteen to twenty minutes. Moreover, certain tools contained in certain invoices were not incorporated into the project. The invoices listed four basement posts, but there were only two used in the project. There were supposed to be seven partitions, but the project was left with only six. There were other items listed on the invoices which were not used in the project.

The trial court found Presley's testimony lacking in credibility. Our reading of the cross-examination of Presley reveals that there was a serious question of credibility, accordingly, we defer to the trial court's judgment as to the credibility of witnesses. *S & R Builders & Suppliers v. Marler,* 610 S.W.2d 690, 697 (Mo.App.1980).

■ Presley failed to separate out those items which did not go into the job. Nor was there any attempt on the part of the subcontractors to separate the lienable from the nonlienable.

The credible evidence left the trial court little choice but to deny the lien as the court could not ascertain the nonlienable items. *Farmington,* 627 S.W.2d at 650. The subcontractors did not meet their obligation of proving the claimed lienable items went into the structure sought to be impressed with a lien. *Kansas City Electrical Supply v. Bomar Electric Co.,* 581 S.W.2d 411, 413 (Mo.App.1979).

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.