**RAUCH LUMBER COMPANY,**
**Plaintiff/Respondent,**

v.

**MEDALLION DEVELOPMENT CORPORATION and Farmers and Merchants Bank of Wright City, Defendants/Appellants.**

**No. 58633.**

Missouri Court of Appeals,
Eastern District,
Division One.

April 2, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 7, 1991.

Darryl Hicks, Warrenton, for defendants/appellants.

Gerald J. Bamberger, David C. Rushing, St. Charles, for plaintiff/respondent.

GRIMM, Judge.

In this judge-tried case, Farmers and Merchants Bank appeals from the trial court's judgment granting Rauch Lumber Company a mechanic's lien against Bank's property. Bank contends the trial court erred in two respects: (1) in admitting into evidence a portion of Bank's cross-claim as an admission against interest, and (2) in finding the described property was the location of the improvements. We disagree and affirm.

## I. Facts

In Lumber Company's petition to enforce the mechanic's lien, Lumber Company named as defendants both Bank and the contractor, Medallion Development Corporation. Lumber Company pleaded that Medallion owed it $9,918.59 plus interest for materials Lumber Company furnished which were installed by Medallion in a commercial building. The petition contained a legal description of the property on which the commercial building sits. The petition also identified the building as being located at 105 North Elm in Wright City.

Lumber Company further alleged this building was "owned by [Bank], which contracted with [Medallion] for said materials and improvements on said building." In addition to other customary allegations, Lumber Company pled it had given ten days prior notice of its intention to file a mechanic's lien "to the aforesaid owners, to-wit: Farmers & Merchants Bank of Wright City."

Medallion filed a general denial. In its answer, Bank admitted it owned the "building, appurtenances, and improvements on the property." It also admitted receiving the ten day notice. However, Bank basically denied all other allegations.

In addition to filing its answer, Bank filed a cross-claim against Medallion. Bank pled:

[I]f the various allegations of [Lumber Company's] petition are true and/or the various allegations of any subsequently filed Petitions, Counterclaims, or Cross-claims are true which establish mechanic's liens against the building, appurtenances, and improvements on the real estate owned by [Bank] and described in Paragraph 3 of [Lumber Company's] petition, then:

\* \* \* \* \* \*

2. That on or about May 18, 1988, said Bank and Medallion, *entered into a contract* whereby Medallion was to furnish all the materials and perform all the labor necessary for the completion of improvements *upon real estate owned by the Bank* and situated in Warren County, State of Missouri and described as follows: .... (emphasis added).

Bank's description of the property matched that given by Lumber Company in its petition.

Attached to Bank's cross-claim was a copy of the contract it entered into with Medallion. That contract stated the work to be done was on the roof of Schreiner Hardware in Wright City. However, the contract did not contain a street address or legal description of the property.

At trial, Lumber Company introduced nine statements and invoices into evidence. All of the exhibits reflected the materials and supplies were sold to Medallion and shipped to "Shriner Hdwe." The June 25, 1988, statement specifically indicated Schreiner's address as "105 N. Elm Street, Wright City, Mo."

Also at trial, Lumber Company offered as an admission, paragraph 2 of Bank's cross-claim against Medallion. Paragraph 2 says:

> That on or about May 18, 1988, said Bank and Medallion, entered into a contract whereby Medallion was to furnish all the materials and perform all the labor necessary for the completion of improvements upon real estate owned by the Bank [setting forth description] and a copy of said contract is attached hereto and marked Exhibit "1" and by this reference, is incorporated herein as if fully set out herein.

Bank's attorney stated he did not think Lumber Company's attorney "is correct in that in our crossclaim against Medallion we haven't admitted anything. We have said that if the various allegations in plaintiff's petition are true and if they are established, then we should have a crossclaim against Medallion for these matters." Counsel's statement was taken as an objection, and was overruled. The trial court took notice of the admission.

The trial court granted Lumber Company a judgment against Medallion for $9,918.57 plus interest. It also charged the described property with a lien. In addition, it granted a judgment to Bank against Medallion.

## II. Allegations in Cross-claim as Admissions

■ In its first point relied on, Bank claims the trial court "erred in permitting [Lumber Company] to admit into evidence an allegation of an alternative crossclaim by [Bank] ... as an admission against interest to establish the necessary proof ... to establish a mechanic's lien because such an allegation is not an admission against interest."

■ Missouri recognizes a party's right to plead in the alternative and to state inconsistent claims or defenses. Rule 55.-10. As a general rule, however, "allegations or admissions of fact contained in pleadings upon which a case is tried are binding on the pleader." *Sayers v. Bagcraft Corp. of Am., Inc.,* 597 S.W.2d 280, 282 (Mo.App.S.D.1980). Although at first blush the rules seem inconsistent, they are not contradictory.

*Sayers* distinguishes between pleaded facts and pleaded legal conclusions. *Id.* at 283. This distinction is supported at 29 AM.JUR.2d *Evidence* § 692 (1967), which says:

> [A]lternative fact *allegations made in good faith and based on genuine doubt* are not admissions against interest so as to be admissible in evidence against the pleader. The pleader states [the] facts in the alternative because he is uncertain as to the true facts, so that he is not 'admitting' anything other than his uncertainty.... (emphasis added).

■ Alternative fact allegations made in good faith and based on genuine doubt should not be considered admissions against interest. On the other hand, alternative fact allegations not based on genuine doubt may be considered admissions against interest. Such a holding is consistent with Rule 55.03, which states that an attorney, by signing a pleading, certifies that "to the best of his knowledge, information, and belief," the pleadings are "well grounded in fact," and not interposed "to cause unnecessary delay or needless increase in the cost of litigation."

It is obvious Bank had no genuine doubt as to whether it had contracted with Medallion. It knew it hired Medallion to make renovations to Schreiner Hardware, as evidenced by the contract which it attached to the cross-claim. As a result, we do not consider the fact allegations Bank made in its cross-claim to be "alternative fact allegations made in good faith and based on genuine doubt." Bank's first point is denied.

### III. Sufficiency of the Evidence

In its second point relied on, Bank alleges, "The trial court erred in finding that the land described in the legal description of [Lumber Company's] petition ... was the property, site, or location of the construction which was the subject matter of this mechanic's lien case because the only evidence was that the improvements were made on the Schreiner's Hardware Building and no connection between the two was made."

The correct standard of review in a judge-tried mechanic's lien case is one of deference to the trial court. *Hartman Home Center v. Bo Bri Do Homes*, 652 S.W.2d 172, 173 (Mo.App.E.D.1983). "Judgments of the trial court are to be affirmed unless there is no substantial evidence to support them, unless they are against the weight of the evidence or unless they erroneously declare or apply the law." *Id.*

In the cross-claim Bank filed against Medallion, Bank stated it entered into a contract with Medallion to "furnish all the materials and perform all the labor necessary for the completion of improvements upon real estate *owned by the Bank....*" (emphasis added). Bank's legal description of this real estate matched the one Lumber Company gave in its pleadings.

In addition, the contract Bank attached to its cross-claim reflected the work was for "Shreiner Hardware, Wright City, Mo." The billing statement reflecting that Schreiner Hardware was at "105 N. Elm Street, Wright City, Mo." also matches the petition's property description, which Bank admitted it owned.

There was sufficient evidence for the trial court to find that Bank owned the Schreiner Hardware property. Bank's second point is denied.

The judgment of the trial court is affirmed.

PUDLOWSKI, P.J., and KAROHL, J., concur.