## Motor Club Insurance Association, appellee, v. Randy Bartunek, appellant.

526 N.W.2d 238

Filed January 10, 1995.   No. A-93-233.

I

William G. Line, of Kerrigan & Line, for appellant.

J. Michael Coffey and Ronald H. Stave, of Stave & Coffey, P.C., for appellee.

IRWIN and MILLER-LERMAN, Judges, and HOWARD, District Judge, Retired.

IRWIN, Judge.

Motor Club Insurance Association (Motor Club) brought an action against Randy Bartunek in the county court for Dodge County, seeking to recover $5,000 it had paid to Bartunek pursuant to a subrogation agreement. Both parties filed a motion for summary judgment, and the county court granted summary judgment to Bartunek. Motor Club appealed to the district court for Dodge County, which reversed, and remanded for further proceedings to enter summary judgment in favor of Motor Club. Bartunek has timely appealed from the district court's order, and for the reasons set forth below, we affirm in part and in part reverse, and remand for further proceedings.

## FACTUAL BACKGROUND

Motor Club issued a personal automobile insurance policy to Donald Imus which provided for the payment of medical expenses up to $5,000 incurred by anyone injured while a passenger in Imus' vehicle. The policy also contained a subrogation clause, which stated that Motor Club would be subrogated to the rights of any person to whom payment was made under the policy. Further, the policy stated that if a person who received payment under the policy recovered damages from another, the payee must hold the proceeds of such recovery in trust for Motor Club and reimburse Motor Club to the extent of its payment under the policy.

On January 12, 1991, Bartunek was a passenger in Imus' vehicle when it collided with a vehicle driven by Michael Gentrup. As a result of the collision, Bartunek sustained injuries and incurred medical expenses in excess of the $5,000 medical payment coverage in Motor Club's policy. Motor Club paid Bartunek $5,000, and Bartunek executed a "Medical Payments Receipt and Trust Agreement," which provided that Motor Club was subrogated to any right of recovery that

Bartunek had as a result of the accident and that Bartunek would hold $5,000 of any such recovery in trust for Motor Club.

Bartunek thereafter filed a negligence action against Gentrup in the district court for Cuming County and recovered a general verdict for $45,000. When Motor Club demanded $5,000 from Bartunek pursuant to its policy and the trust agreement, Bartunek refused to pay. Motor Club then filed this action.

Both parties moved for summary judgment. In Bartunek's memorandum in support of his motion for summary judgment, he claimed that Motor Club was not entitled to subrogation because Bartunek had not recovered his full loss in the action against Gentrup. Bartunek also argued in the alternative for a partial summary judgment in the amount of $4,545 for attorney fees and unreimbursed litigation expenses incurred in the negligence action. The county court granted summary judgment for Bartunek, stating that the jury verdict in Bartunek's action against Gentrup was a general verdict and that a decision regarding whether "any or all of the $5,000.00 in expenses for medical services were included" in the verdict would be pure speculation. On appeal, the district court found that Motor Club was entitled to judgment in the amount of $5,000 as a matter of law, reversed the county court's order, and remanded for further proceedings consistent with its order.

## ASSIGNMENTS OF ERROR

Bartunek has assigned six errors on this appeal, which we have consolidated into five assigned errors. Bartunek claims that the district court erred in (1) failing to find that Bartunek did not recover the full amount of his loss in the negligence action, (2) reversing the county court's decision that it could not speculate on a general verdict, (3) failing to find that Motor Club had waived its subrogation interest, (4) failing to find the trust agreement invalid for lack of consideration and as constituting champerty, and (5) failing to set off against Motor Club's judgment a proportionate share of attorney fees and litigation expenses incurred in the negligence action.

## STANDARD OF REVIEW

Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *LaBenz Trucking v. Snyder*, 246 Neb. 468, 519 N.W.2d 259 (1994); *Dalton Buick v. Universal Underwriters Ins. Co.*, 245 Neb. 282, 512 N.W.2d 633 (1994). Although the denial of a motion for summary judgment, standing alone, is not a final, appealable order, when adverse parties have each moved for summary judgment and the trial court has sustained one of the motions, the reviewing court obtains jurisdiction over both motions and may determine the controversy which is the subject of those motions or make an order specifying the facts which appear without substantial controversy and direct such further proceedings as it deems just. *Dalton Buick, supra.* See, *Baker's Supermarkets v. Feldman*, 243 Neb. 684, 502 N.W.2d 428 (1993); *Nu-Dwarf Farms v. Stratbucker Farms*, 238 Neb. 395, 470 N.W.2d 772 (1991).

## ANALYSIS

*Full Recovery.*

Bartunek claims that he did not recover the full extent of his loss and that there was no identifiable portion of the jury's verdict to which Motor Club's subrogation interest could attach. This court has considered nearly identical arguments in *Bartunek v. Geo. A. Hormel & Co.*, 2 Neb. App. 598, 513 N.W.2d 545 (1994), *petition for further review overruled* 245 Neb. xxv, a case that is factually related to the one presently before us. In order to thoroughly address the issues raised in this appeal, we find it necessary to take judicial notice of the court records in *Geo. A. Hormel & Co.*

> When "cases are interwoven and interdependent and the controversy involved has already been considered and determined by the court in the former proceedings involving one of the parties now before it, the court has a right to examine its own records and take judicial notice of its own proceedings and judgments in the former action . . . ."

*Association of Commonwealth Claimants v. Moylan*, 246 Neb. 88, 91-92, 517 N.W.2d 94, 97 (1994). Accord, *Rhodes v. Yates*, 210 Neb. 14, 312 N.W.2d 680 (1981); *State v. Caton*, 2 Neb. App. 908, 518 N.W.2d 160 (1994).

*Geo. A. Hormel & Co.* involved a declaratory judgment action between Bartunek and his employer, Hormel. Hormel had paid Bartunek disability and medical benefits pursuant to a union contract and claimed a subrogation interest in Bartunek's $45,000 judgment against Gentrup. Bartunek sought a declaration that Hormel had no subrogation rights in the $45,000 judgment. Bartunek claimed, as he does in this case, that he did not recover his full loss in his action against Gentrup and that there was no identifiable portion of the jury verdict to which Hormel's subrogation interest could attach.

■ In *Geo. A. Hormel & Co.*, this court cited *Shelter Ins. Cos. v. Frohlich*, 243 Neb. 111, 498 N.W.2d 74 (1993), for the proposition that an insurer is not entitled to subrogation unless the insured has been fully compensated for his or her loss. We went on to apply the doctrine of collateral estoppel "against the backdrop of the sanctity of jury verdicts," 2 Neb. App. at 608, 513 N.W.2d at 553, and found that Bartunek had obtained full recovery from Gentrup for purposes of determining whether Hormel was entitled to subrogation. In reaching this result, we noted that Hormel had introduced into evidence the petition and a jury instruction from the negligence action and that this evidence, along with testimony from that action, clearly showed that the issue of Bartunek's medical expenses was actually litigated in the negligence action.

Having taken judicial notice of the record in *Geo. A. Hormel & Co.*, we conclude that for purposes of the present case, Bartunek is likewise collaterally estopped from asserting that he did not fully recover his medical expenses in the negligence action against Gentrup and that Motor Club's subrogation interest could not attach to the general verdict rendered in that action. We find that Bartunek's first two consolidated assigned errors are without merit.

*Waiver.*

■ Bartunek next claims that Motor Club waived any

subrogation interest it might have had. In his brief, Bartunek essentially claims that Motor Club was required to intervene in Bartunek's action against Gentrup or waive its rights in the judgment Bartunek obtained from Gentrup. Neither party has directed us to applicable authority in Nebraska regarding this issue, and our own search has failed to reveal any. However, we are guided by authority from other jurisdictions holding that failure by a subrogee to intervene in a subrogor's suit against a third-party tort-feasor does not constitute a waiver by the subrogee of rights in any settlement or judgment secured by the subrogor from the tort-feasor. *Associated Hosp. Serv. of Phil. v. Pustilnik*, 262 Pa. Super. 600, 396 A.2d 1332 (1979), *vacated on other grounds* 497 Pa. 221, 439 A.2d 1149 (1981); *State Farm Mutual Automobile Ins. Co. v. Elkins*, 451 S.W.2d 528 (Tex. Civ. App. 1970). We find those cases persuasive and consistent with jurisprudence in this state. Therefore, we find that this assigned error also lacks merit.

*Validity of Trust Agreement.*

In his fourth summarized assigned error, Bartunek claims that the trust agreement was invalid for lack of consideration and as constituting champerty. More precisely, Bartunek asserts that the trust agreement "required Bartunek to assign his entire claim to Motor Club including pain and suffering and loss of earnings" and that "Motor Club never paid a cent for pain and suffering or loss of earnings and could not be subrogated to claims it did not pay." Brief for appellant at 14.

We believe that Bartunek's argument fails for two reasons. First, the trust agreement did not require Bartunek to assign his entire claim to Motor Club. To the contrary, the agreement merely stated that in consideration for Motor Club's $5,000 payment to Bartunek, Bartunek would hold any money that he recovered from persons liable for his damages in trust for Motor Club and that Bartunek would retain any amount he recovered in excess of $5,000.

Second, Motor Club had a right to subrogation in this case even in the absence of the trust agreement, because the policy Motor Club issued to Imus provided that Motor Club would become subrogated to the rights of persons to whom it made

payment under the policy. The policy Motor Club issued to Bartunek provided:

> B. If we make a payment under this policy and the person to or for whom payment is made recovers damages from another, that person shall:
>> 1. Hold in trust for us the proceeds of the recovery; and
>> 2. Reimburse us to the extent of our payment.

In *Milbank Ins. Co. v. Henry*, 232 Neb. 418, 441 N.W.2d 143 (1989), the Nebraska Supreme Court held that a subrogation clause nearly identical to the one above was valid and binding on an insured who had recovered damages from a tort-feasor's insurance company. The court also rejected the notion that such a clause constitutes an assignment of a cause of action or champerty, stating:

> "Subrogation involves the substitution of an insurer by operation of law to the rights of the insured because of the insurer's pre-existing duty to pay the insured for the loss. In contrast, an assignment involves a transfer of a legal claim from an injured party to a volunteer who was under no pre-existing duty to compensate the injured party. Moreover, under subrogation an insurer's recovery is limited to the amount paid to the insured, whereas there is no such limitation on an assignee's recovery. Thus, subrogation simply does not create the same risk of maintenance or champerty as does assignment. . . ."

*Id*. at 420-21, 441 N.W.2d at 145 (quoting *Travelers Indemnity Co. v. Vaccari*, 310 Minn. 97, 245 N.W.2d 844 (1976)).

Further, in *Shelter Ins. Cos. v. Frohlich*, 243 Neb. 111, 498 N.W.2d 74 (1993), the Nebraska Supreme Court held that such subrogation clauses are binding on persons other than the insured to whom the insurer has made payments for medical expenses pursuant to the insurance policy. The court reasoned that such persons, by accepting contractual benefits of the policy, become third-party beneficiaries of the policy. As third-party beneficiaries, such persons are bound by a subrogation clause contained in the policy.

In the present case, both the trust agreement and the subrogation clause in Imus' policy were valid and enforceable against Bartunek by Motor Club. Accordingly, Bartunek's

assigned error claiming that the trust agreement was invalid as an assignment and as constituting champerty is without merit.

*Attorney Fees and Litigation Expenses.*

■ In his final assigned error, Bartunek claims that he was entitled to set off against Motor Club's judgment a proportional amount of Bartunek's attorney fees and litigation expenses incurred in the negligence action against Gentrup. Bartunek had alleged in his motion for summary judgment that he was entitled to a partial summary judgment for attorney fees and litigation expenses. "The general rule is that an insurer who is a subrogee and does not come into the action but accepts the avails of the litigation is liable for a proportionate share of the expenses of the litigation, including attorney fees." *St. Paul Fire & Marine Ins. Co. v. Truesdell Distributing Corp.*, 207 Neb. 153, 157-58, 296 N.W.2d 479, 483 (1980). Accord, *In re Guardianship & Conservatorship of Bloomquist*, 246 Neb. 711, 523 N.W.2d 352 (1994); *Krause v. State Farm Mut. Auto. Ins. Co.*, 184 Neb. 588, 169 N.W.2d 601 (1969); *United Services Automobile Assn. v. Hills*, 172 Neb. 128, 109 N.W.2d 174 (1961). Following this well-established rule, we find that Bartunek was entitled to set off against Motor Club's subrogated amount a proportionate share of litigation expenses and attorney fees which he incurred in his action against Gentrup.

The record establishes that Bartunek's attorney fees in the negligence action were "one-third of the amount recovered after reimbursement of the costs of litigation," or one-third of $45,000, which is $15,000. The ratio of Motor Club's subrogation amount to the entire judgment is 1 to 9, and thus, a proportionate share of the attorney fees that must be paid by Motor Club is one-ninth of $15,000, or $1,666.67.

Bartunek is also entitled to recover one-ninth of the litigation expenses that he incurred in the negligence action. However, the record is unclear on the amount of litigation expenses incurred by Bartunek in the negligence action. County court exhibit 6 is Bartunek's affidavit in support of his motion for summary judgment, in which he claims that he is entitled to $2,878.79 for "unreimbursed" litigation expenses from the negligence action

against Gentrup. However, attached to his affidavit is a "Motion to Tax Costs" filed in the negligence action, which lists various costs and expenses that Bartunek incurred in the negligence action and lists the total costs and expenses as $6,138. County court exhibit 4 is a "Journal Entry" from the negligence action, in which the district court for Cuming County ordered Gentrup to pay $921.67 in court costs. We are unable to reconcile the various figures that Bartunek used in calculating his litigation expenses. We must therefore remand the cause for a determination of the amount of litigation expenses that Bartunek incurred in the negligence action.

## CONCLUSION

We conclude that Motor Club was entitled to subrogation for the $5,000 it had paid Bartunek, but that Bartunek is entitled to set off against that amount a proportionate amount of attorney fees and litigation costs that he incurred in the negligence action. Accordingly, we affirm in part and in part reverse the order of the district court, and we remand the cause to the district court with directions to remand to the county court for a determination of the amount of litigation expenses that Bartunek is entitled to set off against Motor Club's subrogation interest.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.