**Lonnie and Theresa BUATTE,**
**Respondents,**

v.

**GENCARE HEALTH SYSTEMS,**
**INC., Appellant.**

No. 69962.

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 17, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 5, 1997.

Application to Transfer Denied
March 25, 1997.

Theodore G. Pashos, Byrce M. Boswell, Amelung, Wulff & Willenbrock, St. Louis, for appellant.

Spencer E. Farris, Thomas C. Hullverson, The Hullverson Law Firm, St. Louis, for respondents.

RHODES RUSSELL, Presiding Judge.

Gencare Health Systems, Inc. ("Gencare") appeals from the entry of summary judgment in favor of Lonnie and Theresa Buatte in their declaratory judgment action seeking interpretation of a subrogation provision of an insurance policy. The trial court found that state law governed and based the grant of summary judgment, in part, on Gencare's waiver of its right of subrogation. We find that federal law permitting subrogation preempted state law and that Gencare did not waive its right to subrogation. We reverse and remand.

In 1987 Lonnie and Theresa Buatte enrolled in the Sanus Health Benefit Plan ("Plan")[1] through Mr. Buatte's employment with the federal government. In 1990, while still enrolled in the Plan, Theresa Buatte was injured in a car accident involving a railroad company. As a result of the accident, she incurred $71,640.00 in medical expenses which were paid by Gencare.

The Buattes filed a personal injury action in the Circuit Court of the City of St. Louis against the railroad company. Gencare was informed about the suit and filed a petition to intervene in the action, however, it later withdrew its petition. The railroad settled the suit by paying $400,000 to the Buattes. Gencare requested that the Buattes reimburse it for the money it had spent on Theresa Buatte's medical expenses pursuant to the subrogation/reimbursement provisions of the Plan.

The Plan stated, in a section titled "Third Party Actions,":

> If a covered person is injured through the act or omission of another, the Plan requires that it be reimbursed for the benefits provided, in an amount not to exceed the amount of the recovery or that it be subrogated to the person's rights to the extent of the benefits received under this Plan, including the right to bring suit in the person's name.

The Buattes refused to reimburse Gencare and filed a declaratory judgment action in the Circuit Court of the City of St. Louis seeking an interpretation of the Plan's subro-gation provision. Gencare removed the action to the United States District Court. The district court remanded the case back to the state court stating that the action did not arise under federal law.

The Buattes filed a motion for summary judgment listing four grounds. First, they argued that Gencare had waived its right to subrogation by failing to intervene in the action against the railroad that was now settled. Second, they contended that their settlement with the railroad did not preclude Gencare from pursuing indemnification directly from the railroad. Third, they stated that there was no proof before the court that they were subject to any subrogation provision in the policy that covered them. Finally, they argued that the Plan's provision granting Gencare subrogation rights was contrary to the public policy of Missouri and void.

The trial court granted the motion for summary judgment based upon the Buattes' first three grounds and specifically found that Missouri law governed. Gencare now appeals the grant of summary judgment.

The standard of review for summary judgment cases is governed by *ITT Commercial Finance Corp. v. Mid-America Marine Supply Corp.* 854 S.W.2d 371 (Mo.banc 1993). When considering appeals from summary judgment, we review the record in the light most favorable to the party against whom judgment was entered. *Id.* The propriety of summary judgment is purely an issue of law. Our review is essentially *de novo. Id.* Summary judgments should only be maintained where facts are not in dispute, so that the prevailing party can be determined as a matter of law. *Id.*

■ In its first point on appeal, Gencare contends that the trial court erred in applying Missouri law, as the Federal Employees Health Benefits Act (FEHBA), 5 U.S.C.A. §§ 8901–8914, preempts state law where the provisions are inconsistent.

■ Missouri law, as a matter of public policy, does not allow an insurer to acquire part of the insured's rights against a tortfea-

---

1. Sanus latter became Gencare Health Systems, Inc.

sor through the payment of medical expense, either by assignment or subrogation. *Waye v. Bankers Multiple Line Ins. Co.,* 796 S.W.2d 660 (Mo.App.1990). Insurance policies which attempt to do so are, therefore, invalid under state law.

The FEHBA, however, permits subrogation by providing:

> The provisions of any contract under this chapter which relate to the nature or extent of coverage or benefits (including payment with respect to benefits) shall supersede and preempt any State or local law, or any regulation issued thereunder, which relates to health insurance or plans to the extent that such law or regulation is inconsistent with such contractual provisions.

5 U.S.C. § 8902(m)(1).

Although no Missouri cases have addressed the FEHBA's preemption of inconsistent state law, the FEHBA has been found to preempt state law in other jurisdictions. Those courts have enforced subrogation and reimbursement clauses of health plans where state law would not have permitted the same. In *NALC Health Benefit Plan v. Lunsford,* 879 F.Supp. 760 (E.D.Mich.1995), a U.S. District Court in Michigan upheld a requirement that enrollees reimburse the plan from any third party proceeds they collected, even though under Michigan law such reimbursement would not have been permissible.

Similarly, in *Medcenters Health Care v. Ochs,* 854 F.Supp. 589 (D.Minn.1993), the insurer sought reimbursement from the insured after the insured had settled with a third party tortfeasor. The Minnesota District Court found that the provisions of the plan permitting such recovery preempted Minnesota state law which would not permit reimbursement unless the insured had received a full recovery.

We likewise find that Missouri state law prohibiting subrogation is preempted by the FEHBA. The FEHBA requires preemption of state law if it would differ the "nature or extent of coverage or benefits" offered under the FEHBA authorized plan. In the present case, prohibiting Gencare from seeking reimbursement from its insured would clearly differ the extent of coverage or benefits.

■ The Buattes do not dispute on appeal that Missouri's law was preempted by the FEHBA to the extent that there was an inconsistency between state. law and the Plan's provisions. They claim that their motion for summary judgment, and the court's granting thereof, was premised upon Gencare's waiver of subrogation by failing to intervene in their earlier action with the railroad. Since the Plan was silent as to whether subrogation was waived by failing to intervene, they argue that no inconsistency exists between the plan and state law, and thus Missouri law on waiver would still apply.

The Buattes do not cite to any Missouri cases in which an insurer's failure to intervene in an insured's cause of action against a third party tortfeasor serves to waive the insurer's right of reimbursement. The only case cited by the Buattes on this issue, *Prudential Commercial Ins. Co. v. Michigan Mut. Ins. Co.,* 720 F.Supp. 167 (N.D.Ga. 1989), has been reversed in *Prudential Commercial Ins. Co. v. Michigan Mut. Ins. Co.,* 949 F.2d 1124 (11th Cir.1992). In that later opinion, the 11th Circuit specifically found, after certifying the question to the Georgia Supreme Court, that the no-fault insurer's statutory right to subrogation was not barred by its failure to intervene in the insured's third-party action.

In addition, at least one other jurisdiction has held that the failure to intervene by the insurer did not constitute waiver. The insurer's right to subrogation was not waived under similar facts in *Motor Club Insurance Association v. Bartunek,* 3 Neb.App. 292, 526 N.W.2d 238 (1995). In that case an insurance company issued a personal automobile insurance policy to a driver who was later involved in an accident. The policy contained a subrogation/reimbursement clause which stated that the insurer would be subrogated to the rights of any person to whom payment was made under the policy. Following the accident the insurance company paid $5000 for the medical expenses of the passenger. The passenger later sued a third-party tortfeasor and collected a $45,000 general verdict. The insurance company did not intervene, but sought reimbursement from the passenger following the verdict. The passen-

ger argued that by failing to intervene in the action against the third party, the insurance company had waived its right to subrogation/reimbursement. The Nebraska Court of Appeals rejected this argument and found that the insurer had not waived its right to reimbursement.

We agree with the analysis of the Nebraska court. Gencare did not waive its subrogation/reimbursement rights by failing to intervene in the Buattes' action against the railroad. Summary judgment, therefore, can not be based upon Gencare's failure to intervene.

The Buattes' second basis for summary judgment was that their settlement with the railroad had no effect on Gencare's right of subrogation. The Buattes argue that since the railroad was aware, at the time of settlement, that they had been indemnified by Gencare for the medical expenses, Gencare was not barred from directly pursuing the railroad to recover those expenses. Whatever rights, if any, Gencare might have against the railroad directly are irrelevant. Summary judgment cannot be supported on this basis.

The Buattes' third reason for summary judgment was that there was no evidence before the court of the actual insurance policy which covered Theresa Buatte at the time of her accident. The Buattes contend that they were covered by a 1987 policy rather than the 1990 policy which was filed with the court by the Buattes as an exhibit to their petition. While the 1990 policy contained the reimbursement/subrogation provision, the Buattes later claimed that the applicable policy, the 1987 policy, did not contain, or may not have contained, a similar clause. This argument is without merit.

In their declaratory judgment petition, the Buattes alleged that they had, "received healthcare benefits under a contract between Sanus and plaintiff Lonnie Buatte's employer (Exhibit A)." Exhibit A, attached to the petition, was a copy of the 1990 health plan which contained the subrogation/reimbursement paragraph. The allegations in the Buattes' petition quoted the 1990 subrogation/reimbursement provision and asked the court to invalidate that provision or find that

Gencare had waived its rights to enforce the provision. In Gencare's answer to the petition, it admitted that it extended health benefits to the Buattes pursuant to Exhibit A.

Allegations or admissions of fact contained in the pleadings upon which the case is tried are binding on the pleader. *Rauch Lumber Co. v. Medallion Development Corp.*, 808 S.W.2d 10, 12 (Mo.App.1991). The Buattes stated in their petition that the subrogation/reimbursement provision was in the Plan which covered them. As such, it was not necessary for Gencare to prove the existence of the subrogation/reimbursement clause. Summary judgment based upon Gencare's failure to prove the existence of the subrogation/reimbursement provision was improper when the Buattes had already acknowledged the same.

The Buattes' motion for dismissal of appeal is denied. Judgment is reversed and the cause remanded for further proceedings.

SIMON and KAROHL, JJ., concur.